Honorable William H. GOODING, Judge of the Superior Court of the State of Arizona, and Robert K. Corbin, County Attorney of Maricopa County, Arizona, Appellants,

v.

Ron Kent HOOPER and Purvis Ole Scroggs, Appellees.

No. 22669.

United States Court of Appeals Ninth Circuit.

March 28, 1968.

Certiorari Denied May 20, 1968. See 88 S.Ct. 1811.

dence; the defendants *"might well suffer irreparable injury"*; and that there *"might well"* be a "likelihood" that a fair jury could not be obtained. In short there is no finding that prejudice or harm would in fact result from an open hearing. In our view a federal court injunction should not be based upon any such findings as those here referred to. Thus we do not reach other basic issues in the case.

Norval C. Jesperson (argued), Asst. Atty. Gen., Mark Wilmer (argued), Special Asst. Atty. Gen., Darrell F. Smith, Atty. Gen. of the State of Arizona, Phoenix, Ariz., for appellants.

Alan Philip Bayham (argued), John P. Frank, John J. Flynn, Robert A. Jensen, of Lewis, Roca, Beauchamp & Linton, Henry Zalut, Henry J. Florence, Phoenix, Ariz., Seymour L. Ellison, of Belli, Ashe, Ellison, Choulos, Cone & Harper, San Francisco, Cal., for appellees.

Before CHAMBERS, POPE and KOELSCH, Circuit Judges.

AMENDED DECISION ON APPEAL

PER CURIAM:

Assuming jurisdiction in the district court to entertain and decide the petition for a temporary injunction, without deciding its jurisdiction, we find under the circumstances of this case that the district court should have denied the temporary injunction which it issued. Therefore, the temporary injunction should be vacated.

It must be conceded that as a matter of policy the federal court should rarely undertake to inject itself in state court criminal proceedings. In this case the findings upon which the trial court based its decision are hypothetical and supposititious. They do not have the certainty which should be required to justify the trial court's action. Thus the court found that there will be a *"likelihood"* of presentation of inadmissible evi-