533 P.2d 72

**PHOENIX NEWSPAPERS, INCORPO-
RATED, Petitioner,**

v.

**Honorable Mulford WINSOR, IV, Justice of
the Peace, Sitting in the Place of John J.
Murphy, East Phoenix Precinct #2, Mari-
copa County, et al., Respondents.**

**No. 12030.**

Supreme Court of Arizona,
In Banc.

March 27, 1975.

Gust, Rosenfeld, Divelbess & Henderson by James F. Henderson, Phoenix, for petitioner.

Flynn, Kimerer, Thinnes, Derrick & Lindholm by John J. Flynn, Clark L. Derrick, Phoenix, for respondent Nathan Jacques Warren, Sr.

PER CURIAM:

This special action was brought by the Phoenix Newspapers, Incorporated to pro-hibit the enforcement of an order excluding the public and petitioner's reporters from the preliminary hearing of Nathan Jacques Warren, Sr., charged with offering to exert improper influences on public officers. The Court being of the opinion that respondent, The Honorable Mulford Winsor, IV, Justice of the Peace, abused his discretion in directing that the public and press be excluded, it is ordered that a writ of prohibition issue on application by petitioner.

Respondents urge that the predicate for the order excluding the public and press from the preliminary hearing was (1) that their presence would create unfair and prejudicial pretrial publicity and (2) that there was a strong likelihood that the State would introduce evidence which would be inadmissible at trial.

We have previously held that where because of continued dissemination of news which might be harmful there is a reasonable likelihood that a fair trial cannot be had, respondent's remedy, if held to answer for the offense charged, is for a continuance of his trial or a change of venue, Phoenix Newspapers, Inc. v. Jennings, 107 Ariz. 557, 490 P.2d 563. Were we to adopt respondents' position, any criminal prosecution involving a high degree of public interest would be reason sufficient to exclude the public and press from a preliminary hearing.

Assuming respondent Winsor found a strong likelihood that the State would introduce testimonial and documentary evidence which might prove to be inadmissible and incompetent at the trial, this is not sufficient to justify the exclusionary order. *Cf.* Gooding v. Hooper, 9 Cir., 394 F.2d 146. Nothing has been brought to our attention which suggests that Warren may be so prejudiced that a fair trial jury cannot later be obtained. *See* Commentary to Section 3.1, A.B.A. Standards Relating to Fair Trial and Free Press.

Note: Chief Justice JAMES DUKE CAMERON, did not participate in the determination of this matter.